UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANJAKNIE ROUNDTREE *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> HARTFORD COURANT *et al.*, <br> *Defendants*. | No. 3:22-cv-414 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Anjaknie Roundtree has filed *in forma pauperis* a *pro se* complaint against the Rockville Juvenile Court and forty additional parties, including media outlets and several other State offices and officials. But because it appears that the complaint fails to allege facts giving rise to a plausible ground for jurisdiction or relief, the Court shall require Roundtree to file an amended complaint or a response by **July 20, 2022** explaining why the complaint should not be dismissed.

### BACKGROUND

Roundtree is a citizen of Connecticut.[1] She alleges that while "a court juvenile matter was scheduled" in the Rockville Juvenile Court in Vernon, Connecticut, she relocated to Virginia with her children, resulting in the activation of "a silver alert" even though her "children were being properly cared for."[2] Roundtree then contacted Vernon police to inform them "that the claims were false."[3] But her attorney discouraged her from returning to Connecticut because "the state was trying to set me up."[4] In particular, Roundtree alleges that "the state is trying [to] claim me as incompetent so that the[y] can claim my heiress royalties."[5]

When the Vernon Police Department sent out a press release seeking information on the

---

[1] Doc. #1 at 2.
[2] *Ibid*.
[3] *Ibid*.
[4] *Ibid*.
[5] *Ibid*.

1

whereabouts of Roundtree and her two children, the story circulated through media outlets, including the Hartford Courant.[6] Roundtree alleges that these "news broadcast stations" "failed to investigate [the] story" by contacting her or reading her "petition on change.org."[7] As a result, her children were placed in the care of child protective services in Virginia.[8]

Roundtree alleges that these events are "associated with a retaliation claim" because she has "multiple pending lawsuits" against, among other parties, the Rockville Juvenile Court and the Connecticut Department of Children and Families. She brings claims for defamation and discrimination as well as retaliation and harassment, and she seeks $800,000,000,000 in damages.[9]

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). To be sure, if a plaintiff is *pro se*, the Court must give her complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling

---

[6] *See, e.g.*, Jesse Leavenworth, "Vernon police seek missing mom and two kids," THE HARTFORD COURANT (March 4, 2022), available at https://www.courant.com/breaking-news/hc-br-vernon-mother-and-kids-missing-20220304-ltopaihhozdfrop5vgzqigpbu4-story.html (last accessed June 28, 2022).
[7] *Id.* at 3.
[8] *Ibid*.
[9] *Id.* at 3-4.

is to state the Court's concerns so that Roundtree may promptly respond or file an amended complaint that addresses these concerns.

Roundtree's complaint does not identify proper grounds for federal subject matter jurisdiction. A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Yet Roundtree's complaint does not have that. The "Jurisdiction" section of the form complaint that she filed states that the "jurisdiction of this court is invoked pursuant to … North Chesterfield, VA."[10] But "jurisdiction," in this context, means the source of the Court's power to hear her case—not simply where the plaintiff lives or where a portion of the events took place.

Nor can I infer the source of federal jurisdiction from the rest of the complaint. First, Roundtree brings claims for retaliation and harassment but does not specify any *federal* rights of hers which the defendants violated. *See* 28 U.S.C. § 1331. Second, "to the extent that Roundtree seeks money damages against Rockville Juvenile Court" or other State defendants, "it is well established that the Eleventh Amendment and related principles of state sovereign immunity generally divest the federal courts of jurisdiction over lawsuits by private citizens against the States, any state government entities, and any state government officials in their official capacities." *Roundtree v. Rockville Juv. Ct.*, 2022 WL 1063752, at *2 (D. Conn. 2022). Third, although the complaint alleges in conclusory terms that Roundtree was subject to "discrimination," it does not specify any grounds for discrimination (such as race, gender, or religion) that are subject to protection under federal law. In any event, the complaint lumps together roughly forty defendants without alleging "sufficient factual matter" to make it plausible that any individual defendant should be held liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[10] *Id.* at 2.

Finally, there is no diversity jurisdiction because this case does not involve "citizens of different States." 28 U.S.C. § 1332. Roundtree alleges both she and the Rockville Juvenile Court are citizens of Connecticut. Without jurisdiction over the case, I must dismiss it. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

It appears that the complaint is subject to dismissal under § 1915(e)(2)(B). But if Roundtree has grounds to file an amended complaint or to show why the complaint should not be dismissed, she may file a response to this order to show cause by **July 20, 2022**.

It is so ordered.

Dated at New Haven this 29th day of June 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge